**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TRACY FERGUSON, | |
| Plaintiff, | Civil Action No. 19-1689 (BAH) |
| v. | Chief Judge Beryl A. Howell |
| U.S. POSTAL SERVICE, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Tracy Ferguson, proceeding *pro se*, filed a statement of claim against the United States Postal Service ("Postal Service") in the Small Claims and Conciliation Branch of the Superior Court of the District of Columbia alleging that the Postal Service, her former employer, has either over-deducted money from her workers' compensation benefits or has not properly refunded her for over-deductions of health benefits. Notice of Removal, Ex. 1, Statement of Claim ("Compl."), ECF No. 1. After removing the action to federal district court, the Postal Service filed a motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted. Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 5. After being advised of her opportunity to respond and of her obligations under the applicable procedural rules, *see* Order (July 18, 2019), ECF No. 6 (citing *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988); *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992)), plaintiff filed a memorandum in opposition to the motion to dismiss, *see* Pl.'s Mem. in Opp., ECF No. 7. The Postal Service's motion is GRANTED for the reasons stated below.

**I.     BACKGROUND**

    **A.     Statement of Claim**

1

The plaintiff's statement of claim begins by alleging that she is "on disability from the U.S. Postal Service" and is "being discriminated against because of [her] disability." Compl. at 5. More specifically, the plaintiff claims both that "[t]he U.S. Postal Service has not properly paid back . . . money from [her] health insurance," *id.* at 3, and that "[t]he Postal Service has taken extra money out of [her] disability check, for years," *id.* at 5. "Sometimes," plaintiff states, the Postal Service has "giv[en] a little [money] at a time back." *Id.* at 3. As a remedy, the plaintiff seeks money damages in the amount of $3,000. *Id.* at 3.

### B. Statutory and Regulatory Background

Plaintiff's *pro se* complaint "is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 US. 97, 106 (1976)). So construed, the claims relate to the federal workers' compensation program or to health benefits.

#### 1. *Federal Workers' Compensation*

The Federal Employees' Compensation Act ("FECA") governs workers' compensation benefits for federal employment. Workers' compensation is owed "for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty." 5 U.S.C. § 8102(a). By statute, the Secretary of Labor administers and decides "all questions arising under" FECA. *Id.* § 8145. By regulation, the Secretary of Labor has delegated authority and assigned responsibility for administering FECA to the Director of the Office of Workers' Compensation Programs ("OWCP"). 20 C.F.R. § 1.2.

#### 2. *The Postal Service's Health Benefits Refund Program*

The Health Benefits Refund Program (the "Program") is a Postal Service program to reimburse injured employees for over-deductions of health benefits premiums. *See* U.S. Postal Service, *Employee and Labor Relations Manual* ("ELM") § 525.132. "For the first year of compensable disability, OWCP deducts health benefits premiums at the Postal Service rate." *Id.*

2

In future years, the premium deduction is made at the standard rate for federal employees, which is higher than the Postal Service rate. *Id.* As a result, under the Program, Postal Service employees who are receiving OWCP compensation may be owed a refund for over-deduction of health benefits premiums. *Id.* The ELM directs the Postal Service to calculate the refund by "subtract[ing] the difference between the [standard federal employee] health benefits premium rate and the Postal Service rate of the health benefits plan chosen by the employee." *Id.*

## II.     LEGAL STANDARD

### A.     Motion to Dismiss Under Rule 12(b)(1)

In reviewing a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), "[i]t is to be presumed that a cause lies outside [the federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted). The court must accept as true all uncontroverted factual allegations contained in the complaint and must "construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotation marks omitted).

### B.     Motion to Dismiss Under Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim pleads factual content that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Atherton v. District of Columbia Office of Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) ("[E]ven a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more

3

than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)). In deciding a motion under Rule 12(b)(6), the court must consider the whole complaint, accepting all factual allegations as true, "even if doubtful in fact." *Twombly* 550 U.S. at 555.

## III. ANALYSIS

### A. Federal Workers' Compensation

Plaintiff's statement that "[t]he Postal Service has taken extra money out of [her] disability check for years," Compl. at 5, may be a challenge to withholdings from her workers' compensation benefits under the FECA. *See Pueschel v. Chao*, 357 F. Supp. 3d 18, 24 (D.D.C. 2018) ("FECA . . . provides federal employees with an exclusive remedy against the United States for work-related injuries." (citing 5 U.S.C. § 8116(c)). Subject matter jurisdiction over such a claim is lacking.[1]

Federal district courts lack subject matter jurisdiction over challenges to workers' compensation withholdings under a provision of FECA precluding judicial review of any claims for "payment of compensation" under that Act. *See* 5 U.S.C. § 8128(b) ("[A]ction of the Secretary of Labor or his designee in allowing or denying a payment . . . is . . . final and conclusive for all purposes and with respect to all questions of law and fact" and "not subject to review . . . by a court by mandamus or otherwise."); *see also Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 779–80 & n.13 (1985) (identifying § 8128(b) as an example of "Congress intend[ing] to bar judicial review altogether"). Instead, workers' claims arising under FECA are handled by OWCP and are reviewable by the Employees' Compensation Appeals Board, *see* 20

---

[1] The current complaint is also deficient in making such a claim because workers' compensation benefits are administered not by the Postal Service but by OWCP and the Department of Labor, *see e.g.,* 20 C.F.R. § 1.2; ELM § 525.132, which are not parties to this action.

C.F.R. § 10.625; that Board's decisions about workers' compensation claims are final and not subject to judicial review, *see* 5 U.S.C. § 8128(b).

In short, any claim by the plaintiff for under-payment of worker's compensation benefits cannot withstand the motion to dismiss under Rule 12(b)(1). *See Gallucci v. Chao*, 374 F. Supp. 2d 121, 128 (D.D.C. 2005) (finding no "subject matter jurisdiction because federal question jurisdiction is precluded by 5 U.S.C. § 8128(b)"), *aff'd*, No. 05-5280, 2006 WL 3018055 (D.C. Cir. Mar. 2, 2006) ("Appellant has failed to demonstrate that the district court possessed subject matter jurisdiction over this case despite the provisions of 5 U.S.C. § 8128(b).").

### B. The Postal Service's Health Benefits Refund Program

Plaintiff's statement that "[t]he U.S. Postal Service has not properly paid back . . . money from [her] health insurance," *id.* at 3, may be a claim that the Postal Service has not properly refunded her health benefits premiums under the Health Benefits Refund Program. That Program is laid out in the ELM, which "does not create a private right of action" in federal court. *Ko v. Brennan*, No. 17-CV-06427-HRL, 2018 WL 1400467, at *4 (N.D. Cal. Mar. 20, 2018), *aff'd sub nom. Kyoung Ko v. Brennan*, 740 F. App'x 623 (9th Cir. 2018). Given that plaintiff cannot bring suit under the ELM, the government suggests that "one might construe Plaintiff's claim as one seeking relief under" the Administrative Procedure Act ("APA"), *see* 5 U.S.C. § 706, on the theory that "the provisions of the Manual constitute 'regulations' of the Postal Service," Def.'s Mem. Supp. Mot. to Dismiss ("Gov't's Mem.") at 6, ECF No. 5-1 (citing *Gose v. U.S. Postal Service*, 451 F.3d 831, 835–36 (Fed. Cir. 2006)). The APA does generally authorize claims against federal agencies, *see* 5 U.S.C. § 704, but it cannot provide a cause of action here, as the Postal Reorganization Act of 1970 exempts the Postal Service from APA review, *see* 39 U.S.C. § 410(a) (providing that, with certain exceptions, "no Federal law dealing with public or Federal contracts, property, works, officers, employees, budgets, or funds . . . shall

5

apply to the exercise of the powers of the Postal Service"); *see also Mittleman v. Postal Regulatory Comm'n*, 757 F.3d 300, 305 (D.C. Cir. 2014) ("[T]he Postal Service is exempt from review under the [APA]." (quoting *N. Air Cargo v. U.S. Postal Serv.*, 674 F.3d 852, 858 (D.C. Cir. 2012)).[2] Absent a private right of action, the plaintiff cannot maintain a claim related to the Health Benefits Program.

### C. Allegation of Discrimination

Finally, plaintiff states that she is "being discriminated against because of [her] disability." Compl. at 5. This statement, because it is accompanied by no factual allegations, is inadequate to make out a claim for discrimination under a federal statute such as the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*

## IV. CONCLUSION

Therefore, upon consideration of the defendant's Motion to Dismiss, ECF 5, the related legal memoranda in support and in opposition, and the entire record herein, for the reasons set forth above, it is hereby

**ORDERED** that the defendant's Motion is GRANTED, without prejudice; and it is further

**ORDERED** that the Clerk of the Court is DIRECTED to close this case.

**SO ORDERED.**

*This is a final and appealable order.*

Date: October 11, 2019

_____
BERYL A. HOWELL
Chief Judge

---

[2] "[N]on-statutory" review of Postal Service actions may be available "to determine whether the agency has acted *ultra vires*." *Mittleman*, 757 F.3d at 300 (internal quotation marks and citations omitted). Plaintiff does not contend that the Postal Service has exceeded any statutory authority.